FILED
United States Court of Appeals
Tenth Circuit

November 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ALEXANDER CARDENAS,

      Petitioner - Appellant,

v.

STEVE HARTLEY, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO, JOHN W.
SUTHERS,

      Respondents - Appellees.

No. 11-1301
(D.C. No. 1:10-CV–01037-CMA)
(D. Colo.)

---

ORDER
DENYING CERTIFICATE OF APPEALABILITY

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant, Alexander Cardenas, an inmate proceeding pro se,

seeks a certificate of appealability ("COA") to challenge the district court's

judgment denying his habeas application. 28 U.S.C. § 2254. In his application,

he challenged the admission of statements made after a <u>Miranda</u> warning as a

violation of his Fifth Amendment right. To obtain a COA, Mr. Cardenas must

make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). He must demonstrate that the district court's resolution of his

constitutional claim is reasonably debatable. <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000).  Because that showing has not been made, we deny his request for a COA and dismiss the appeal.

Background

On September 20, 1997, Mr. Cardenas called the police to report a homicide.  When the police arrived at the scene, he admitted to killing his long-time friend in an altercation after a night of alcohol and drug use.  See People v. Cardenas, 25 P.3d 1258, 1261, 1264 (Colo. App. 2000).  Before his confession at the scene, police read Mr. Cardenas an advisement form in accordance with Miranda v. Arizona requirements, 384 U.S. 436 (1966), and he initialed each paragraph of the form.  Cardenas, 25 P.3d at 1261, 1264.  After this warning, Mr. Cardenas made additional statements to the police at the police station.  Again, he was advised of his Miranda rights and waived them.  Id. at 1264.  An officer writing up a statement from the confession at the scene noted that Mr. Cardenas was intoxicated but not incoherent.  Id.  After the confession at the station, the detective asked Mr. Cardenas if he was under the influence of narcotics, drugs, or alcohol.  He answered, "Yes."  Id.  Mr. Cardenas was later charged with second degree murder.  Id. at 1261.

The jury in the first trial was deadlocked and Mr. Cardenas moved for a mistrial.  In an interview, the jury foreperson told the court that the jury was divided on whether he was guilty of second degree murder with heat of passion,

or whether Mr. Cardenas was not guilty. The motion for mistrial was granted, and a subsequent trial resulted in the conviction for second degree murder. Id. Mr. Cardenas was sentenced to thirty-two years in prison. See Cardenas v. Hartley, No. 10-cv-01037-CMA, 2011 WL 2473293, at *1 (D. Colo. June 22, 2011). The Colorado Court of Appeals affirmed the trial court's conviction, People v. Cardenas, 25 P.3d 1258, and all motions for post-conviction relief in the state court were denied. See People v. Cardenas, No. 08CA1343, 2009 WL 1630315, at *1 (Colo. App. June 11, 2009); People v. Cardenas, No. 07SC581, 2007 WL 2917413, at *1 (Colo. Oct. 9, 2007).

Mr. Cardenas asserted six claims for relief in his original habeas corpus application, see Cardenas v. Hartley, 2011 WL 2473293, ECF. No. 3, at 19, but the court dismissed the second through fifth claims as procedurally barred. See id., ECF. No. 13. Thus, only the first and sixth claims were raised before the district court, and Mr. Cardenas only raises the Miranda claim before this court. See Aplt. Opening Br. and App. for a COA, Cardenas v. Hartley, No. 11-1301; Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, at 2.


## Discussion

Given that Mr. Cardenas's claim was adjudicated by the Colorado courts, he must demonstrate that those proceedings "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Mr. Cardenas contends that the trial court erred in finding that his statements to the police were voluntary, and that he waived his <u>Miranda</u> rights. He contends that he was "physically restrained and treated harshly by the police" at the scene, Aplt. Br. 3, and that his intoxication prohibited him from giving a "voluntary, knowing, and intelligent" waiver of his rights. Aplt. Br. 2-4. Mr. Cardenas also claims that he was suicidal and crying for much of the time he was questioned by police, so this made him unable to voluntarily waive his rights. <u>Id.</u> at 4. The district court found ample support in the record for the determination of the Colorado courts that the statements were voluntary. Tr. Trans. 39-40, 48-50, 64-68, 194-207. Although Mr. Cardenas was under the influence of certain substances, the Colorado Court of Appeals noted a complete lack of evidence suggesting his statements were obtained by threatening or coercive means. <u>People v. Cardenas</u>, 25 P.3d at 1264. Rather, Mr. Cardenas called the police and confessed of his own volition. <u>Id.</u> Further, merely because Mr. Cardenas was intoxicated and distraught, Tr. Trans. 56-57, 208, does not undermine the

voluntariness determination based upon the totality of the circumstances.  See

United States v. Burson, 531 F.3d 1254, 1258 (10th Cir. 2008).  Nothing suggests

that there were any problems with the Miranda procedures employed by officers,

or that the state court's determination was "contrary to, or involved an

unreasonable application of, clearly established Federal law."  28 U.S.C. §

2254(d)(1); see also Bobby v. Dixon, No. 10–1540, 2011 WL 5299458, at *5-6

(S. Ct. Nov. 7, 2011) (reversing the Sixth Circuit's suppression of a murder

confession after finding that the state court's decision to admit the confession was

"consistent with [Supreme Court] precedents" as required by § 2254).

We DENY Mr. Cardenas's request for a COA, DENY his motion for leave

to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge